IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 17 2003

CLERK

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

    Civ. No. 01-0996 BB/RLP
    Cr. No. 00-1137BB

JOSE SOCORRO ANGEL-JIMENEZ,

    Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Defendant is currently confined in the Federal Correctional Institution in Phoenix, Arizona. He attacks the judgment and sentence of the United States District Court for the District of New Mexico entered in *United States v. Angel-Jimenez*, Cr. No. 00-1137BB, entered on February 1, 2001 [Cr. Doc.20].

2.    "On August 17, 2000, the defendant was indicted and charged with violating 8 U.S.C. §§ 1326(a)(1) and (2) and 1326(b)(2), Reentry of Deported Alien. On August 31, 2000, Defendant entered a guilty plea to the indictment without a plea agreement." See United States' Response to Defendant's Motion for Downward Departure at 2 [Cr. Doc. 18]. At the sentencing hearing held on January 8, 2001, the court found that the Offense Level

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

was 21 and the Criminal History Category was IV based on prior crimes. These crimes included property crimes, domestic violence, and a conviction for voluntary manslaughter, for which Defendant was subsequently deported. Defendant unlawfully reentered the United States on or about May 30, 2000 and was sentenced to 58 months (from a range of 57-71 months). Sentencing Hearing Transcript at 5.

3. Defendant asserts he received constitutionally ineffective assistance of counsel for counsel's failure to file an appeal of his sentence and conviction. The court construes his Motion to mean that counsel was ineffective for not filing any motions or filing an appeal contesting the alleged violations of the Vienna Convention, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the insufficiency of the indictment.

4. To prevail on an ineffective assistance of counsel claim, a defendant must show *both* (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that but for this deficient performance the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984). When a defendant pleads guilty, he must show that there is a reasonable probability that, but for counsel's ineffective assistance, he would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

5. Vienna Convention. One interpretation of Article 36 of the Vienna Convention states that a national who is arrested has the right to consultation with the consul from his nation, in this case Mexico. "It remains an open question whether the Vienna Convention gives rise to any individually enforceable rights." *United States v. Minjarres-Alvarez*, 264 F.3d 980, 986 (10th Cir. 2001) (citing *Breard v. Greene*, 523 U.S. 371, 376 (1998) (per

2

curiam)). Whether or not it applies, Defendant has failed to show how he was prejudiced from the failure of authorities to inform him of this right. Thus, this claim fails.

6. *Apprendi*. Defendant argues that he received a sentence over the maximum provided in 8 U.S.C. § 1326(b) and U.S.S.G. § 2L1.2(b)(A) and that his sentence violates *Apprendi*, which holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 460 (2000). In *United States v. Martinez-Villalva*, 232 F.3d 1329 (10th Cir. 2000), the court held that *Apprendi* "is not applicable when the sentence-enhancing fact is a prior conviction." *Id.* at 1331. In Defendant's case, he had a prior felony conviction and that is why his sentence was enhanced and therefore, following *Martinez-Villalva*, *Apprendi* is not applicable to this case. This claim is therefore without merit.

7. Insufficiency of the Indictment. Defendant argues that counsel should have moved to dismiss the indictment for lack of subject matter jurisdiction because "arrest" is an element of Reentry after Deportment. The indictment did not list his prior arrest. This claim is without merit. "On September 30, 1996 Congress amended 8 U.S.C. § 1326 and omitted the arrest element. *See* 8 U.S.C. § 1326(a) (Supp. 1996). . . . [T]he amendment [took] effect April 1, 1997." *United States v. Wittgenstein*, 163 F.3d 1164, 1168 n.1 (10th Cir. 1998), *cert. denied*, 527 U.S. 1012 (1999). The new version states that a previously deported alien who illegally reenters is subject to a fine or imprisonment. § 1326(a)(1). Defendant was arrested on May 30, 2000 after the new version was in effect.

3

8. Because each of the Defendant's underlying grounds for his ineffective assistance of counsel claim lack any merit, Defendant has failed to meet the prejudice element of *Strickland*.

## RECOMMENDED DISPOSITION

I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255 be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge